| | |
|---|---|
| 1 | ROBERT W. FREEMAN, ESQ.<br>Nevada Bar No. 03062 |
| 2 | E-Mail: Robert.Freeman@lewisbrisbois.com<br>PAMELA L. MCGAHA, ESQ. |
| 3 | Nevada Bar No. 08181<br>Email: Pamela.McGaha@lewisbrisbois.com |
| 4 | CHERYL A. GRAMES, ESQ.<br>Nevada Bar No. 12752 |
| 5 | Email: Cheryl.Grames@lewisbrisbois.com<br>**LEWIS BRISBOIS BISGAARD & SMITH LLP** |
| 6 | 6385 S. Rainbow Boulevard, Suite 600<br>Las Vegas, Nevada 89118 |
| 7 | Tel: (702) 893-3383<br>Fax: (702) 893-3789 |
| 8 | *Attorneys for Defendant* |
| 9 | *State Farm Mutual Automobile Insurance Company* |



## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LORENE MCCALL,<br><br>    Plaintiff,<br><br>    vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; DOES 1 through 10, inclusive, and ROE CORPORATIONS I through 10, inclusive,<br><br>    Defendants. | CASE NO. 2:16-cv-1058-JAD-GWF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

It appearing to the Court that the Plaintiff LORENE MCCALL ("Plaintiff") and Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm") are in agreement that State Farm possesses proprietary policies and procedures that include confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally, this Court hereby orders that:

1.  This Confidentiality Agreement and Protective Order ("Order") shall govern certain discovery and document production among the parties, as well as discovery and document production from third parties, in the above-referenced action.

4817-7750-0492.1                    1

2. For purposes of this Order, the term "Confidential Information" shall refer to: (1) information which any party or non-party believes in good faith to be a trade secret or confidential research, development, commercial, or other proprietary business information within the meaning of FRCP 26(c)(1)(G); and (2) documents and/or testimony that may reveal confidential, proprietary, personal or commercially sensitive information. Such Confidential Information may be contained in any written, printed, recorded, or graphic matter of any kind, and shall retain its confidential designation regardless of the medium on which it is produced, reproduced, or stored. Such Confidential Information may also be elicited at deposition or through written discovery.

3. Whenever any party or non-party desires to designate information contained in a document as Confidential Information, the designating party shall mark each page of the document with the word "CONFIDENTIAL" and identify such Confidential Information at the time of production. Confidential Information may be used in the course of depositions in accordance with this Order.

4. Transcripts or exhibits from any deposition or hearing shall be temporarily designated as "Confidential" and be treated as subject to the terms of this Order. Within forty-five (45) days of receipt of such transcripts and exhibits, Counsel will designate the pages of the transcripts or exhibits which shall remain designated as "Confidential" and will advise all other parties. If no designation is made within forty-five (45) days, the entire transcript and all exhibits will be deemed not confidential.

5. All documents produced or information disclosed and any other records designated as "confidential" by State Farm shall be revealed only to:

a) Plaintiff;

b) Plaintiff's counsel of record in this case;

c) Defendant;

d) Defendant's counsel of record in this case;

e) Paralegals and secretarial employees under counsel's direct supervision;

f) Outside photocopying, translating, document management, and exhibit preparation services engaged by a party for purposes of this litigation;

g) Persons employed by counsel to act as consultants or experts in this action;

h) Any other person State Farm agrees in writing may be shown such documents; and

i) The Court and court personnel, stenographic reporters, and videographers at depositions taken in this action, and any jury empanelled in this action, subject to the protections of Paragraphs 3, 4, and 9 of this Order;

6. The information considered as "confidential" and disclosed only in accord with the terms of Paragraph 5 shall include, without limitation, any claims manual, training materials, and any other information or documentation supplied by State Farm and designated as "Confidential."

7. Documents deemed confidential by State Farm shall be used only for the purposes of prosecuting or defending this action. Under no circumstances shall information or materials covered by this Order be disclosed to or discussed with anyone other than the individuals designated in Paragraph 5.

8. Prior to disclosure of any documents designated as "confidential" to any individual who is not a signator to this Order, counsel shall require such individual to read this Order and sign the Agreement which is attached hereto as **Exhibit A** and provide a copy of the signed Agreement to counsel for State Farm.

9. Prior to filing any motion wherein information designated as "Confidential" is attached, Plaintiff shall comply with LR 10-5(b) and *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), or provide Counsel for Defendant reasonable time, but in any event not fewer than 10 judicial days, to file a motion pursuant to LR 10-5(b) and Kamakana to show particularized good cause or particularized compelling reasons to file those documents under seal.

LR 10-5(b) provides:

Unless otherwise permitted by statute, rule or prior Court

order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

Pursuant to *Kamakana* and LR 10-5(b), any documents designated as "Confidential" and attached to a non-dispositive motion must be accompanied by a motion showing a particularized good cause for leave to file those documents under seal. Furthermore, any documents designated as "Confidential" and attached to a dispositive motion must be accompanied by a motion showing a particularized compelling reason for leave to file those documents under seal.

10. This Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

11. If any Party disagrees with the designation of materials marked "Confidential," the objecting Party shall provide written notice of the disagreement to State Farm, requesting a meeting to confer with counsel for State Farm to resolve the dispute over the "Confidential" designation. If the dispute over the designation is not resolved informally between the parties, State Farm will file a motion with the Court to resolve the dispute regarding the "Confidential" designation. State Farm will have 30 days from the date in which the parties meet and confer regarding the dispute over the designation in which to file a motion with the Court regarding the designation. In any event, unless and until a Court ruling is obtained changing a designation, or the Party designating the materials as "Confidential" agrees otherwise in writing, the material involved shall be treated according to the existing "Confidential" designation.

4817-7750-0492.1                                    4

12. This Confidentiality Agreement and Protective Order shall survive the termination of this case and counsel shall take no action to violate this Agreement. However, this clause does not require counsel to take actions contrary to the Rules of Professional Conduct, which impose an obligation upon counsel to safeguard client property for a reasonable period of time.

13. In any action or proceeding to enforce this Order, or pursuant to paragraph 12, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, without limiting any other relief that may be available, provided the Court determines there was a willful and malicious violation of the Confidentiality Agreement and Protective Order.

14. This Order shall remain in effect after the conclusion of this case and the Court shall retain jurisdiction to enforce its terms and to prevent or punish violations of it.

15. This Order may be executed in counterparts, each of which shall constitute one and the same agreement.

Dated this 9th day of August, 2017.

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ *Cheryl A. Grames*
_____
Robert W. Freeman, Esq.
Nevada Bar No. 03062
Pamela L. McGaha, Esq.
Nevada Bar No. 08181
Cheryl A. Grames, Esq.
Nevada Bar No. 12752
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorney for Defendant*

Dated this 9th day of August, 2017.

GANZ & HAUF

/s/ *Marjorie Hauf*
_____
Marjorie Hauf, Esq.
Nevada Bar No. 08111
Cara Xidis, Esq.
Nevada Bar No. 11743
GANZ & HAUF
8950 W. Tropicana Avenue
Suite 1
Las Vegas, Nevada 89147
*Attorneys for Plaintiffs*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 8/10/2017