| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |

| | |
|---|---|
| Lorene McCall, | Case No.: 2:16-cv-01058-JAD-GWF |
| Plaintiff | **Order Granting Summary Judgment in Favor of Defendant and Closing Case** |
| v. | |
| State Farm Mutual Automobile Insurance Company, | [ECF Nos. 49, 51] |
| Defendant | |

Plaintiff Lorene McCall brings this insurance-coverage suit against defendant State Farm Insurance Company. After her car was struck, McCall filed a claim against her automobile policy to recover underinsured-motorist (UIM) coverage to bridge the difference between the driver's coverage and her alleged damages. State Farm initially denied the claim because it determined that the other driver's policy alone was sufficient to compensate her for her injuries, but later reconsidered and paid out the policy limits. McCall now sues State Farm for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) unfair claims practices.[1] Discovery has closed, and the parties have filed cross-motions for summary judgment.[2] Because I find no genuine issues of material fact to sustain any of McCall's claims, I grant summary judgment in favor of State Farm and close this case.

---

[1] ECF No. 1 at 9–14.
[2] ECF Nos. 49, 51.

**Background**

John Tappe, who is not a party to this lawsuit, struck McCall's car with his car at a stop-sign intersection on June 22, 2013.[3] Tappe's insurer paid McCall his full $15,000 in coverage.[4] Because McCall had accumulated more than $50,000 in medical expenses for both past and future treatment, she submitted the claim to her own insurer to make up the difference with her UIM coverage.[5]

State Farm began investigating McCall's claim and sent its first written authorization request for her medical records about a month later.[6] Four more months passed before McCall responded.[7] And four months after that, State Farm requested a utilization review in which a doctor reviewed McCall's medical records and history to determine the nature and extent of her injuries.[8] That doctor opined that some of McCall's treatments were unrelated to the 2013 car accident,[9] and State Farm denied the claim based on that report, even though McCall provided statements from experts who offered contradictory opinions.[10]

After McCall filed this lawsuit, State Farm obtained a second round of expert opinions,[11] reconsidered its position, and ultimately paid McCall her $25,000 policy limits on March 15,

---

[3] ECF No. 50-1 at 3.
[4] *Id.*
[5] *Id.*
[6] ECF No. 50-1 at 5.
[7] ECF No. 50-3 at 187–205.
[8] ECF No. 50-1 at 53–55.
[9] *Id.*
[10] ECF No. 50-1 at 294.
[11] ECF Nos. 50-11, 50-12.

2017.¹² McCall now sues State Farm for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) unfair claims practices.¹³ McCall moves for summary judgment on her first and third causes of action only.¹⁴ State Farm moves for summary judgment on all three.¹⁵ I find that summary judgment in State Farm's favor is appropriate on all claims.¹⁶

## Discussion

### A. Summary-judgment standard

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.¹⁷ The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.¹⁸ If the moving party satisfies its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show a genuine issue for trial.¹⁹

Who bears the burden of proof for the factual issue in question is critical. When the party moving for summary judgment would bear the burden of proof at trial (typically the plaintiff), "it

---

¹² ECF No. 50-1 at 44.
¹³ ECF No. 1 at 9–14.
¹⁴ ECF No. 51.
¹⁵ ECF No. 49.
¹⁶ The parties argue about whether McCall is entitled to punitive damages, but because I grant summary judgment for State Farm on all claims, I need not address those arguments.
¹⁷ *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
¹⁸ *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).
¹⁹ FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Auvil v. CBS 60 Minutes*, 67 F.3d 816, 819 (9th Cir. 1995).

3

must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[20] Once the moving party establishes the absence of a genuine issue of fact on each issue material to its case, "the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense."[21] When instead the opposing party would have the burden of proof on a dispositive issue at trial, the moving party (typically the defendant) doesn't have to produce evidence to negate the opponent's claim; it merely has to point out the evidence that shows an absence of a genuine material factual issue.[22] The movant need only defeat one element of the claim to garner summary judgment on it because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[23] "When simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of"—and against—"both motions before ruling on each of them."[24]

---

[20] *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992) (citation and quotations omitted)).

[21] *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (citation omitted).

[22] *See, e.g.*, *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990); *Celotex*, 477 U.S. at 323-24.

[23] *Celotex*, 477 U.S. at 322.

[24] *Tulalip Tribes of Washington v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (citing *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001)).

**B.   State Farm is entitled to summary judgment on McCall's breach-of-contract claim.**

To prevail on a breach-of-contract claim, the plaintiff must demonstrate: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages as a result of the breach.[25] Neither party disputes the validity or existence of a contract between McCall and State Farm, leaving only the breach and damages elements at issue here.[26] McCall's UIM policy required State Farm to pay compensatory damages up to the policy limit for injuries caused by an underinsured motorist as long as McCall cooperated with State Farm during its investigation.[27] State Farm argues that it is entitled to summary judgment on McCall's contract-breach claim for three reasons: (1) it didn't breach because it continued to investigate McCall's claim after its initial denial and ultimately paid out the policy limit;[28] (2) McCall suffered no contractual damages because it paid out the policy limit;[29] and (3) regardless, State Farm's performance was excused because McCall herself breached by failing to cooperate with the investigation.[30] McCall seeks a finding that State Farm was in breach from the time it denied her claim up until it reconsidered and paid it.[31]

---

[25] *Cohen-Breen v. Gray Television Group, Inc.*, 661 F. Supp. 2d 1158, 1171 (D. Nev. 2009) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (1865)).

[26] *Cohen-Breen*, 661 F. Supp. 2d at 1171.

[27] ECF No. 50-5 at 8.

[28] ECF No. 49 at 13–14.

[29] ECF No. 64 at 4.

[30] ECF No. 49 at 17–19.

[31] ECF No. 51 at 14.  Because I grant summary judgment on this claim for the first two reasons, I need not and do not reach this third argument.

### 1. *State Farm didn't breach the contract.*

It is undisputed that State Farm paid the insurance claim, albeit after some delay. But the parties' contract gave State Farm the right to investigate its claims prior to payment.[32] State Farm's extensive exhibits show that it continued to investigate after the initial denial.[33] The fact that McCall did not receive payment within her preferred time period does not amount to a material breach by State Farm, and McCall fails to offer any contractual provision or authority to support her theory. State Farm ultimately fully performed its contractual obligation when it paid McCall her contractually capped amount, foreclosing McCall's requested finding that State Farm breached.

### 2. *McCall suffered no damages.*

State Farm is entitled to summary judgment on McCall's breach-of-contract claim for the separate and independent reason that she cannot show that she suffered contractual damages. "It is well established that in contracts cases, compensatory damages 'are awarded to make the aggrieved party whole and . . . should place the plaintiff in the position [s]he would have been in had the contract not been breached.'"[34] That position is measured by the plaintiff's expectation interest, which is: "(a) the loss in value to [her] of the other party's performance caused by its failure or deficiency, plus (b) any other loss, including incidental or consequential loss, caused by the breach, less (c) any cost or other loss that [she] has avoided by not having to perform."[35]

---

[32] ECF No. 50-5 at 2.

[33] *See, e.g.*, ECF Nos. 37, 50-1, 50-3.

[34] *Road & Highway Builders v. N. Nev. Rebar*, 284 P.3d 377, 382 (Nev. 2012).

[35] *Id.* (citing *Restatement (Second) of Contracts* § 347 (1981)).

The undisputed, material facts are that McCall had a UIM policy with a $25,000 limit,[36] and State Farm eventually paid her the full $25,000.[37] So, State Farm fully performed its contractual obligation and placed McCall in her expected position.

**C.     State Farm is entitled to summary judgment on McCall's bad-faith claim.**

Nevada law recognizes the existence of an implied covenant of good faith and fair dealing in every contract, and a party breaches that covenant when it acts in bad faith.[38] "Bad faith is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct."[39] It is not enough to show that, in hindsight, an insurer acted unreasonably; the plaintiff must show that the insurer knew or recklessly disregarded that it was acting unreasonably.[40] An insurer does not act in bad faith merely because it disagrees with the claimant's estimation of her injuries or delays paying out benefits until it receives relevant documents or expert opinions.[41] Generally, "a bad-faith claim is subject to summary judgment if the defendant demonstrates that there was a genuine dispute as to coverage, because if the insurer

---

[36] ECF No. 4 at 3.

[37] ECF No. 50-1 at 44.

[38] *A.C. Shaw Construction v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989); *Ainsworth v. Combined Ins.*, 763 P.2d 673, 676 (Nev. 1988).

[39] *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996).

[40] *Id.*; *see also Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 604 (Nev. 1998).

[41] *See Amini v. CSAA Gen. Ins. Co.*, 2016 WL 6573949, at *4 (D. Nev. Nov. 4, 2016) (granting summary judgment to insurer on bad-faith claim even though it delayed in making settlement offers and relied only on expert opinions to reject the plaintiff's offer). *But see Powers*, 962 P.2d at 604 (finding a triable issue as to bad faith because there was "abundant evidence" that the insurer's "investigation was improper, incomplete, poorly done, [and] in violation of [its] own procedures").

7

had a reasonable basis to deny coverage," the insurer is unlikely to know it was acting unreasonably.[42]

The undisputed evidence here shows that State Farm initially denied McCall's claim because its expert opined that some of McCall's treatment was for injuries from a prior accident and that the adverse driver's insurance in this case was sufficient.[43] McCall's own experts disagreed with that assessment, but State Farm didn't act in bad faith when it chose to believe its own expert's opinion over McCall's here. Plus, when State Farm obtained new expert opinions some time later, it reconsidered its position and paid the claim in full. State Farm has demonstrated that there was a genuine dispute over coverage and a reasonable basis to deny McCall's claim initially. So, State Farm is entitled to summary judgment on McCall's bad-faith claim.

**D.     State Farm is entitled to summary judgment on McCall's unfair-practices claim.**

The Nevada Unfair Insurance Practices Act prohibits insurance companies from engaging in unfair practices when handling insurance claims[44] and creates a private right of action for insureds.[45] NRS 686A.310 enumerates more than a dozen unfair practices,[46] but to prove an

---

[42] *Amini*, 2016 WL 6573949, at *4 (internal quotations omitted).
[43] ECF No. 50-1 at 53–55, 294.
[44] NEV. REV. STAT. § 686A.310.
[45] NEV. REV. STAT. § 686A.010 et seq.; *Crystal Bay General Imp. Dist. v. Aetna Cas. & Sur. Co.*, 713 F. Supp. 1373, 1377 (D. Nev. 1989).
[46] *See, e.g.*, NEV. REV. STAT. § 686A.310 (enumerating 16 unfair insurance practices).

8

unfair-practices claim on any of those theories, McCall must show that an officer, director, or department head at State Farm knew of and permitted the unfair practice.[47]

McCall alleges that State Farm committed seven of those enumerated unfair practices,[48] but seeks summary judgment on only one: that State Farm compelled her "to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered."[49] State Farm, on the other hand, moves for summary judgment on all of McCall's theories, arguing that there is no evidence that an officer, director, or department head knew of and permitted any unfair practice.[50]

McCall fails to meet her own summary-judgment burden because she offers no case law—let alone any that entitles her to relief—to support her position. And she fails to rebut State Farm's showing because she provides no evidence that an officer, director, or department head at State Farm knew of and permitted the allegedly unfair practices.[51] When State Farm pointed out this deficiency in her argument,[52] McCall responded by theorizing that, because the claims

---

[47] NEV. REV. STAT. § 686A.270 ("No insurer shall be held guilty . . . unless an officer, director or department head of the insurer has knowingly permitted such act or has had prior knowledge thereof.").

[48] ECF No. 51 at 15 (alleging violations of NEV. REV. STAT. § 686A.310(a)–(b), (d)–(g), and (n)).

[49] *Id.* (seeking summary judgment under NEV. REV. STAT. § 686A.310(f)).

[50] ECF No. 49 at 24.

[51] The only employees McCall mentions in her filings are claims handlers, who would still not satisfy the "officer, director, or department head" requirement under NEV. REV. STAT §686A.270; *Hackler v. State Farm Mutual Auto. Ins. Co.*, 210 F. Supp. 3d 1250, 1255 (D. Nev. 2016) (reading NEV. REV. STAT. § 686A.270 not to include team managers in the scope of "officer, director, or department head").

[52] ECF No. 49 at 24; ECF No. 72 at 9.

9

adjusters were following procedures developed by State Farm's officers and department heads, management was effectively approving claims mishandling. McCall points to no policies, procedures, or depositions from management to support her conjecture, despite her year-and-a-half-long discovery period in which she could have procured that evidence.[53] Without evidence that State Farm's upper management knew of and permitted allegedly unfair practices, McCall cannot prove her claim.

The consequences of McCall's evidentiary deficiency are two-fold: she is unable to satisfy her burden to show that she is entitled to summary judgment, and she is unable to rebut State Farm's showing that it is. State Farm has thus satisfied its burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. So, I grant summary judgment in favor of State Farm on McCall's unfair-practices claim.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED THAT McCall's motion for partial summary judgment **[ECF No. 51] is DENIED**, and State Farm's motion for summary judgment **[ECF No. 49] is GRANTED.** Summary judgment is GRANTED for STATE FARM on all of McCall's claims. The **Clerk of Court** is directed to **ENTER JUDGMENT in favor of State Farm and against Lorene McCall and CLOSE THIS CASE**.

Dated: July 30, 2018

_____
United States District Judge Jennifer A. Dorsey

---

[53] ECF Nos. 10, 44.