# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Lorene McCall, | Case No.: 2:16-cv-01058-JAD-GWF |
| Plaintiff | **Order Overruling Objections to Clerk's Taxation of Costs and Denying Motion to Re-tax Costs** |
| v. | |
| State Farm Mutual Automobile Insurance Company, | [ECF No. 85] |
| Defendant | |

Plaintiff Lorene McCall brought this removed insurance-coverage suit against her insurer State Farm after it initially denied McCall's claim against her policy to recover underinsured-motorist coverage but later reconsidered and paid out the policy's limits.[1] The parties filed cross-motions for summary judgment after discovery closed. Because I found no genuine issues of material fact to sustain any of McCall's claims, I granted summary judgment in favor of State Farm and closed this case.[2] Following entry of judgment, State Farm submitted its bill of costs seeking $13,742.95, to which McCall timely objected.[3] After considering the parties' arguments, the Clerk of Court taxed costs against McCall in the amount of $12,333.80.[4]

McCall now moves under FRCP 54(d) and LR 54-12 to re-tax costs, objecting that the clerk should not have taxed her for (1) rush charges associated with serving subpoenas on two entities and one individual; (2) the cost of an original and one certified copy of deposition transcripts for ten witnesses; (3) the cost of the copy of a video deposition for one witness; and

---

[1] ECF No. 1 at 9–14 (complaint).
[2] ECF No. 74.
[3] ECF Nos. 76 (bill of costs), 77 (objection).
[4] ECF Nos. 83 (executed bill of costs), 84 (clerk's memorandum regarding taxation of costs).

(4) tabs, binders, scanning, OCR'ing, and burning CDs for two print jobs.[5] McCall also argues that no amount of costs should be taxed against her because she has "limited financial resources" and taxation will cause her to "suffer severe financial hardship."[6] The clerk did not err in taxing the challenged expenses and McCall's financial status is a new argument that she didn't raise with the clerk and has not supported with any evidence. So, I overrule McCall's objections and deny her motion to re-tax costs.

**Legal standard**

Federal Rule of Civil Procedure 54(d)(1) provides that unless otherwise stated by rule, statute, or court order, "costs—other than attorney's fees—should be allowed to the prevailing party." Categories of expenses that may be taxed under Rule 54(d) are enumerated in 28 U.S.C. § 1920, and the Ninth Circuit has clarified that federal courts "may interpret the meaning of the items enumerated as taxable costs in" that statute.[7] To that end, Local Rules 54-2 to 54-11 provide guidance on what expenses may be taxed as costs in this district.

To obtain court review of the clerk's taxation of costs, a party must file a motion specifying the parts of the clerk's ruling "to which the party objects, and only those portions of the clerk's ruling will be considered by the court."[8] The court decides the motion to re-tax costs "on the same papers and evidence" that were "submitted to the clerk."[9]

---

[5] ECF No. 85 (Motion to Retax Costs).

[6] *Id.* at 11.

[7] *Alflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175, 176–77 (9th Cir. 1990) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987)).

[8] LR 54-12(b).

[9] *Id.*

**Discussion**

I begin with McCall's argument that she has "limited resources" so taxing costs would cause her to "suffer severe financial hardship."[10] McCall didn't raise this argument before the clerk nor did she provide the clerk with evidence of her financial condition.[11] McCall also has not provided me with any evidence about her finances, let alone demonstrated that taxing costs would render her in dire straits.[12] McCall has not given me reason to override Rule 54's "presumption in favor of awarding costs to a prevailing party"[13] on the basis of her financial status, so I deny her motion to re-tax costs on that ground.

McCall's remaining arguments don't fare any better. She first complains that the clerk was wrong to tax "rush" charges that State Farm incurred for serving three deposition subpoenas because they were the product of State Farm's failed planning, not necessarily incurred as part of the litigation.[14] State Farm responds that two of the charges are for re-service, not expedited service, because the process server had the wrong address. The evidence supports State Farm's explanation.[15] The third charge is $45.13 for serving James Christensen, Esq. with process to appear for deposition. Nothing on the invoice indicates that this charge was for "rush" service[16]

---

[10] ECF No. 85 at 4.

[11] *See generally* ECF No. 77.

[12] *See generally* ECF No. 85.

[13] *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000).

[14] ECF No. 85 at 2–3.

[15] *Compare* ECF No. 76 at 39, *with* ECF No. 76 at 41 (second-in-time invoice showing "new address" for service on Infinity Auto Insurance); *compare* ECF No. 76 at 40, *with* ECF No. 76 at 43 (showing service on Cigna Healthcare in Nevada and, over a month later, on the Custodian of Records for Cigna Health and Life in Texas).

[16] *See* ECF No. 76 at 42.

and no other charge for serving this individual was sought to be taxed by State Farm or taxed by the clerk.[17] Still, State Farm doesn't dispute that this was a rush charge,[18] so that's how I treat it.

McCall's bald statement that these charges were not necessarily incurred as part of the litigation is not persuasive. She doesn't argue that any of the subpoenaed witnesses were not deposed, their testimony was not used at summary judgment, or they would not have been called at trial. McCall also doesn't argue—and therefore hasn't shown—that the re-service charges were the product of State Farm's delay or mistake. Nor has she shown that the expedited-service charge was State Farm's fault. Under these circumstances, the clerk did not err in determining that these costs are taxable under LR 54-2.

McCall next argues that the clerk erred in taxing the charges that State Farm incurred to obtain an original and one certified copy of the deposition transcripts for 10 witnesses.[19] She correctly explains that "[t]he cost of a deposition transcript, either the original or a copy, but not both," is taxable under LR 54-4(a)(1). In overruling McCall's objection to these costs, the clerk explained "that it is the standard business practice of reporting companies to charge for the original transcript and include one copy at no additional cost."[20] McCall provides nothing to refute the clerk's understanding of this practice, which mirrors my own experience litigating civil

---

[17] ECF No. 76 at 4–5 (James Christensen appears only once on the bill of costs listing fees sought for serving summonses and subpoenas); ECF No. 84 at 2–3 (James Christensen appears only once on the Clerk's Memorandum of Costs Taxed).

[18] ECF No. 86 at 5–6.

[19] ECF No. 85 at 3.

[20] *Id.*

matters in this legal market for many years, and the evidence doesn't reflect anything different.[21] The clerk did not err in taxing these charges under LR 54-4(a)(1).

McCall similarly argues that the clerk erred in taxing the cost of the videotape of Joseph Hooker's deposition because the tape is a copy and LR 54-4(a)(1) allows for only an original or a copy, not both. But, as the clerk noted, "[r]easonable costs for videography" are taxable under LR 54-4(a)(3).[22] The clerk did not err in taxing this charge under LR 54-4(a)(3).

Finally, McCall contends that the clerk erred when she determined that charges for binders, tabs, burning CDs, scanning, and OCR'ing were taxable under LR 54-6, arguing that those charges are not among the items specifically mentioned in 28 U.S.C. § 1920.[23] State Farm responds that the clerk didn't tax any charges for scanning or OCR'ing. It also argues that courts are permitted to interpret what falls within the categories set forth in § 1920, and that tabs, binders, and CDs fall within a reasonable interpretation of the statute and local rule.[24]

The clerk determined that binders and tabs reasonably fell within costs that are taxable under LR 54-6, and that burning CDs was "the same as creating a copy," but she couldn't find a provision "to tax OCR costs," so she excluded that charge.[25] The evidence shows that there was no separate charge for "scanning," which was merely the "category" that the vendor identified for the OCR charge that the clerk didn't tax.[26]

---

[21] ECF No. 76 at 45–54 (invoices showing single charge for "original and 1 certified copy of transcript of" each witness's deposition (emphasis omitted)).
[22] ECF No. 84 at 5.
[23] ECF No. 85 at 3–4.
[24] ECF No. 86 at 6.
[25] ECF No. 84 at 5.
[26] ECF No. 76 at 62.

5

What's left is the $20 charge for burning two CDs, $10 charge for two 1-inch binders, $16 charge for one 3-inch binder, and $36 charge for custom tabs. The evidence shows that what was copied was also burned onto the CDs—the "claims file"[27]—and this supports the clerk's determination that the charge for burning the CDs is the same as making a copy. So, the clerk didn't err in taxing this cost under LR 54-6. The remaining charges are for a different job—binders and tabs that went along with printing a "hardcopy of motion for sanctions briefing."[28] When McCall objected to State Farm's bill of costs, she expressly stated that she does not "object to the copies," only the binders and tabs.[29] Given the nature of this print job—briefing on a motion for sanctions and countermotion for the same relief with multiple declarations, dozens of exhibits, all of which spanned hundreds of pages[30]—and McCall's concession that the cost of copying these documents is taxable, the clerk did not err in determining that the tabs and binders, too, were taxable under LR 54-6.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that McCall's objections to the clerk's taxation of costs are **OVERRULED** and her motion to re-tax costs **[ECF No. 85] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
June 13, 2019

---

[27] ECF No. 76 at 61–62 (hand note indicating "claims file print").

[28] *Id.* at 60.

[29] ECF No. 77 at 7–8.

[30] ECF Nos. 46 (Motion), 47 (declaration and exhibits), 55 & 57 (response and countermotion), 56 & 58 (declaration and exhibits), 60 (reply supporting motion), 61 (supplemental declaration and exhibits), 66 (response to countermotion), 67 (declaration and exhibits).